IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT CALLAHAN,

    Plaintiff,

v.                                                    CASE NO. 5:16-cv-336-MP-GRJ

FEDERAL BUREAU OF
PRISONS,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* Emergency Petition for Temporary Injunctive Relief. (ECF No. 1.) Plaintiff's emergency petition is deficient because he failed to file it on a court-approved form and to either pay the filing fee or file a motion to proceed as a pauper. Although the Court normally affords *pro se* plaintiffs the opportunity to amend their filings in accordance with the above requirements, because the Court recommends denying the emergency petition, no reason exists for Plaintiff to amend.

Plaintiff asserts that he is currently incarcerated at FCI Marianna.[1] According to Plaintiff, on November 30, 2016, the BOP designated him for

---

[1] According to the Federal Bureau of Prisoners website, Petitioner is now located at Tallahassee FCI.

transfer to Beaumont USP. Plaintiff states the he is an ex-gang member and a sex offender, and that Beaumont USP is an active gang institution where the "hit" on him can and will be carried out. Petitioner says he is in fear of his life and requests the Court to grant the emergency injunction to stop any pending transfer. He further requests that the Court order the Bureau of Prisons to designate him to a facility where ex-gang members are safe.[2] (ECF No. 1.)

The Court does not have the authority to determine where prisoners are placed. "In fact, although a sentencing court can recommend that an offender be placed in a particular facility or program, see § 3582(a), the authority to make the placement rests with the Bureau of Prisons, see, e.g., § 3621(e)." *Tapia v. United States*, 564 U.S. 319, 320 (2011). According to 18 U.S.C § 3621(b), "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau . . . that the Bureau determines to be appropriate and suitable . . . ." Consistent with this

---

[2] Because the facts alleged in Petitioner's emergency petition are of great concern to the Court, the Court directs the **CLERK** to send a copy of the emergency petition, ECF No. 1, to Nicole English, Warden of FCI Marianna.

*Case No: 5:16-cv-336-MP-GRJ*

provision federal courts have long held that the executive branch, not the courts, have primary authority with regard to a prisoner's place of confinement. *Foy v. United States,* 285 F.R.D. 407, 410 (N.D. Iowa 2012)(*citations omitted*)("In short, once BOP assumes custody of a prisoner, the court has no authority to designate the place of imprisonment.").

Therefore, the Court does not have the authority to order the Bureau of Prisons to place Plaintiff in a particular location or to prevent the Bureau of Prisons from making such a placement.

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED:**

Petitioner's Emergency Petition for Temporary Injunctive Relief, ECF No. 1, should be **DENIED**.

**DONE AND ORDERED** this 15th day of December 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations

**must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.